CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:06CV00208<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| FEDERAL BUREAU OF PRISONS,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on April 6, 2006. The petitioner alleges that he was placed in administrative detention on April 5, 2006, in violation of 28 C.F.R. § 541.10, et seq. For the following reasons, the court concludes that the petition must be dismissed, without prejudice, for failure to exhaust administrative remedies.

It is well established that a federal prisoner must first exhaust administrative remedies before seeking review in federal court under § 2241.* See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung, 90 Fed. Appx. at 445.

In this case, Watts does not allege that he has exhausted his administrative remedies.

---

*The Bureau of Prisons has established a multi-tiered administrative remedy process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. § 542.10. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint addressed to the Warden. This complaint must be filed within twenty calendar days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty calendar days of the date on which the Warden signed the response. 28 C.F.R. 542.15(a). If the inmate is not satisfied with the Regional Director's response, that response may be appealed to the General Counsel within 30 calendar days of the date on which the Regional Director signed the response. Id. The General Counsel has 40 calendar days to respond to the appeal. 28 C.F.R. § 542.18 (2004). The administrative process is exhausted when the General Counsel issues a ruling on the appeal. 28 C.F.R. 542.15(a).

Moreover, it is clear from the petition that the exhaustion requirement has not been met, given the fact that the petition was mailed the day after Watts was placed in administrative detention. Because Watts has not demonstrated that he exhausted his administrative remedies, and he has offered no reason to excuse his default, Watts's petition must be dismissed without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 19th day of April, 2006.

_____
United States District Judge